IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS D. ROBLES,<br>*Plaintiff*<br><br>v.<br><br>TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER and BRADLEY P. FUHRMAN, M.D., in his official capacity; and TEDD MITCHELL, M.D., in his official capacity,<br>*Defendants*. | § § § § § § § § § § § § | CAUSE NO. 3:14-CV-321 |

## JOINT PROPOSED DISCOVERY PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

**TO THE HONORABLE JUDGE FRANK MONTALVO:**

**1:** **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

**RESPONSE:**

Plaintiff's counsel, Soraya Yanar Hanshew, and Defendants' counsel, Esteban S.M. Soto, conferred by telephone on September 15, 2014.

**2.** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

**RESPONSE:**

The parties stipulate that initial disclosures will be exchanged on October 13, 2014.

**3.** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

1

**RESPONSE:**

The parties will need to conduct discovery on the factual bases underlying the causes of action, damages, and defenses.  Defendants will likely depose Plaintiff and possibly other individuals disclosed in Plaintiff's initial disclosures. Plaintiff will likely depose many, if not all of the individuals disclosed in Plaintiff's and Defendants' initial disclosures. The parties anticipate completing discovery by the discovery deadline of March 2, 2015.

**4.     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

**RESPONSE:**

The parties agree that any discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonable usable, with the following exceptions: electronic mail should include attachments to the email and indicate whether and to whom the email was a reply or was forwarded. Electronically stored information (ESI) may be produced on CD ROM Counsel. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that the parties will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligations to preserve evidence) with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action.

5.  **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.**

    **RESPONSE:**

The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information and shall, within 10 calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for the recalled production. Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

6.  **What changes should be made in the limitation on discovery imposed under these rules or by local rules, and what other limitation should be imposed?**

    **RESPONSE:**

    No changes on the limitation on discovery are requested at this time. The parties reserve the right to request leave from the Court in the instance such a request for expansion of discovery limitations becomes necessary and/or arises between the parties.

7.  **Any other other orders under Rules 26(c), 16(b), or 16(c)?**

    **RESPONSE:**

    No other orders under Rules 26(c), 16(b) or (c).

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Director of Defense Litigation

**JAMES "BEAU" ECCLES**
Chief, General Litigation Division


 /s/ Esteban SM Soto_____
**ESTEBAN S.M. SOTO**
Assistant Attorney General
State Bar No.24052284
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4099
(512) 320-0667 FAX
Esteban.soto@texasattorneygeneral.gov
ATTORNEYS FOR DEFENDANTS


Respectfully submitted,
The Hanshew Law Firm, PLLC
**Soraya Yanar Hanshew, Esq.**
632 Moondale Dr.
El Paso, Texas  79912
syhlaw@outlook.com
(915) 491-6181 Telephone
(915) 996-9907 Facsimile


SORAYA YANAR HANSHEW
State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**

4

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served via CM/ECF electronic filing on this the 2nd day of October, 2014, to:

**Via ECF and First Class Mail**
Soraya Yanar Hanshew
State Bar No. 24047151
THE HANSHEW LAW FIRM
632 Moondale Dr.
El Paso, TX 79912

                                              /s/ Esteban SM Soto
                                              Esteban S.M. Soto
                                              Assistant Attorney General