IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THE HONORABLE FRANK MONTALVO | § § § | ALL CIVIL CASES |

## AMENDED STANDING ORDER CLARIFYING TIME LIMITS FOR FILING RESPONSES AND REPLIES

On July 25, 2014, the court entered a "Standing Order Clarifying Time Limits for Filing Responses and Replies" ("Standing Order"). The Standing Order was meant to provide clear deadlines to parties with respect to the interplay between the Local Rules of the United States District Court for the Western District of Texas ("Local Rules") and the Federal Rules of Civil Procedure ("Federal Rules").

Local Rule CV-7(e) provides a party 7 days in which to file a response to a non-dispositive motion and 14 days to file a response to a dispositive motion. Similarly, Local Rule CV-7(f) states that a party shall have 7 days in which to file a reply in support of a motion, whether dispositive or non-dispositive. Federal Rule 6(d) promulgates that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."

The court previously observed that the intent of the 2012 Amendments to the Local Rules was to simplify time limits by accounting for Federal Rule 6(d)'s additional 3-day period and ensuring that deadlines do not fall on a weekend. However, "[a] local rule must be consistent with — but not duplicate — federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075, and must conform to any uniform numbering system prescribed by the Judicial Conference of the United States."[1] Moreover, the Federal Rule or statute controls where a local rule conflicts with a Federal

---

[1] Fed. R. Civ. P. 83(a)(1).

Rule or statute.[2] Thus, Local Rule CV-7 must be read in conjunction with Federal Rule 6(d).

Therefore, if service is made by means other than hand delivery pursuant to Federal Rule 5(b)(2)(C), (D), (E), or (F), Federal Rule 6(d) applies and 3 days are added to the time imposed by the Local Rules. For example, if a party files a dispositive motion electronically, the respondent is entitled to 3 days in addition to the 14 days imposed by the Local Rules, in which to file a response. As Federal Rule 6(d) does not distinguish between dispositive and non-dispositive motions, 3 days are added to the time to respond for all motions and responses whenever service is made pursuant to Federal Rule 5(b)(2)(C), (D), (E), or (F).

Accordingly, all parties **SHALL** submit pleadings in accordance with Local Rule CV-7 and Federal Rule 6(d). This Order is applicable to **ALL PENDING CIVIL CASES**.

**SO ORDERED.**

SIGNED this 6 day of **April, 2015.**

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[2] *See Fruit of the Loom, Inc. v. Am. Mktg. Enters., Inc.*, 192 F.3d 73, 74–75 (2d Cir. 1999) (per curiam) ("[T]he individual practice rules of a district judge must be read in conjunction with the Federal Rules of Civil Procedure and . . . the Federal Rules and their jurisdictional filing dates supersede any seemingly contrary district court practice rule.").