UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS D. ROBLES, | § § § | |
| Plaintiff | § § | |
| v. | § § | CAUSE NO. EP-14-CV-321-FM |
| TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER a/k/a TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER OF EL PASO and BRADLEY P. FUHRMAN, M.D., in his official capacity; and RICHARD LANGE, M.D., in his official capacity, | § § § § § § § § | |
| Defendants. | | |

**PLAINTIFFF'S MOTION TO COMPEL DISCOVERY**

**I.   INTRODUCTION**

Counsel for Plaintiff Carlos Robles entered into an agreement for production of documents pursuant to Fed. R. Civ. P. 26 with Defendants Texas Tech University Health Sciences Center a/k/a Texas Tech University Health Sciences Center at El Paso ("TTUHSC," and/or "Texas Tech"), and BRADLEY P. FUHRMAN, M.D. (herein, "Fuhrman") Professor and Chair, Physician in Chief of the Pediatrics Unit, in his official capacity; and RICHARD LANGE, M.D., (herein "Lange") President of Texas Tech Health Sciences Center at El Paso, in his official capacity (collectively herein "Defendants").  To date, Defendants have failed to supplement their disclosure responses as required pursuant to the agreement between Counsel regarding the same.  Further, Defendants, in contradiction of the aforesaid agreement between the Parties, have refused to respond to Plaintiff's Requests for Production Documents which requested supplementation of Defendants' Initial Disclosure responses.  As such, Plaintiff

moves the Court to compel Defendants to adequately supplement their initial disclosures and respond to Plaintiff's Requests for Production of Documents Following Plaintiff's Depositions of Defendants' Witnesses (Set One & Set Two), which were respectively served on Defendants on March 30 and 31, 2015.

**II.    BACKGROUND**

On August 22, 2014, Plaintiff Carlos Robles' above-referenced action was removed to the present forum. Plaintiff amended his Complaint against Defendants on October 22, 2015, therein filing his Second Amended Complaint (Docket No. 7-1) which rendered moot, Defendants' Motion to Dismiss (Docket No. 10).

On September 22, 2014, this Court entered a Scheduling Order for this matter (Docket No. 4), therein ordering the Parties to complete discovery on or before March 2, 2015. This Order further notes that the Parties may continue discovery beyond the noted deadline, but the Court will not intervene except in extraordinary circumstances. As of the close of February, no depositions had been taken by either party and Defendants had propounded one set of discovery on Plaintiff. As a result, parties' counsel entered into an agreement on or about February 24, 2015, to extend the discovery deadline to April 1, 2015, therein also agreeing to (1) allow the Parties to conduct depositions within the new discovery period, and (2) for the production by Defendants of all "non-privileged documents reflected in [Defendants'] initial disclosures," and (3) to allow Plaintiff to propound further written discovery after reviewing Defendants' initial disclosures if relevant documents were missing from Defendants' disclosure production. This agreement further indicated that Plaintiff was allowed to propound written discovery after review of Defendants' disclosure documentation, "if relevant documents and/or information was missing from said production." The parties agreed that Plaintiff could do so "anytime in March,"

in light of the fact Defendants had yet to produce documents at the close of February and the new deadline for discovery per the Parties' Agreement was April 1, 2015. The Parties' Agreement was memorialized in electronic correspondence attached and incorporated herein as Exhibit "A" (herein, the "Parties' Agreement").

Defendants produced the promised "non-privileged documents reflected in [Defendants'] initial disclosures," to Plaintiff the week of March 9, 2015. The documents numbered approximately 1-964 were produced on an encrypted disc. Plaintiff produced his discovery responses to Defendants' first and only set of discovery requests on or about March 2, 2015. Plaintiff supplemented his responses respectively on March 23, 2015; March 24, 2015; March 31, 2015; and April 2, 2015. Plaintiff's deposition was taken by Defendants on March 24, 2015. Plaintiff took the depositions of six (6) witnesses employed by Defendants on March 25 and 26, 2015.

At the conclusion of depositions, Plaintiff identified several documents which were previously identified by Defendants in their Disclosure Responses, were thereafter discussed and identified as relevant documentation regarding the present suit by Defendants' witnesses during the course of their depositions, but which were not produced by Defendants in the document production in March. Accordingly, Plaintiff propounded his first and second set of requests for production to Defendants identified as, Plaintiff's Request for Production Following Plaintiff's Deposition of Defendants' Witnesses, respectively on March 30 and 31, 2015. These requests are incorporated by reference herein as Exhibit "B."

Defendants refused to respond to the majority of Plaintiff's requests, citing the same objection: "Defendants object to this Request as untimely pursuant to the Court's scheduling order, the parties' extension of that order, and Rule 34 of the Federal Rule of Civil Procedure because this

Request was served less than 30 days before the April 1, 2015, discovery deadline. *See, e.g., Woodhull v. County of Kent,* 2006 WL 708662 (W.D. Mich. 2006), and *Feir v. Carabetta Enterprises, Inc*., 459 F. Supp. 841, 844 (D. Conn. 1978) (holding that discovery requests served two days prior to the deadline were not timely)."[1]

Defendants object and then respond to Plaintiff's Requests Nos. 3 and 8 by citing responsive policies located online as follows: "Subject to and without waiving the foregoing general and specific objections, please see responsive documents located at https://www.ttuhsc.edu/hsc/op/." Defendants cite to online policies as responsive to specific requests made by Plaintiff regarding policies existent and in use during the course of Plaintiff's employment and/or at the time of his termination, despite the fact the online resource cited identifies numerous changes to the policies in question before, during and after Plaintiff's date of termination. Accordingly, Defendants' responses in this regard are non-responsive since the actual policies requested by Plaintiff are not identified and/or produced by Defendants, despite being identified in Disclosures by Defendants thus falling within the category of documents Defendants agreed to produce to Plaintiff pursuant to the Parties' discovery extension agreement.

In light of the foregoing, Plaintiff hereby moves to compel the production of responsive documents requested in Plaintiff's aforesaid Requests for Production Set One, Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17 and 18; and Plaintiff's Requests for Production, Set Two, Request No. 1.

---

[1] Defendants refused to respond entirely to Plaintiff's Requests for Production Nos. 1, 4, 5, 9, 10, 11, 13, 14, 15, 16, 17 and 18, citing solely this identical objection. Defendants cite to this objection for every one of their responses to Plaintiff's Requests for Production, Sets One and Two, but provide some response in addition to the aforesaid objection for Requests Nos. 2, 3, 6, 7 and 8.

## III. ARGUMENT

### A. Legal Standards

Fed. R. Civ. P. 26(b) (1) governs the scope of discovery, providing that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979).

Fed. R. Civ. P. 26(a)(1)(A)(ii) requires Defendants to provide: "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e) requires Defendants to supplement or correct its disclosure or response: "(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Defendants respectively on or about October 13, 2014, and on or about April 1, 2015, identified the following documents as relevant in their initial and supplemental disclosure responses pursuant to Fed. R. Civ. P. 26(a) (1) (A) (ii):

> The following documents, data complications, and tangible things are in the possession, custody, or control of Defendants and will be made available for inspection and copying at an appropriate time through a request to Esteban Soto, Office of the Attorney General of Texas, General Litigation Division, P.O. Box 12548, Capitol Station, Austin Texas 78711-2548:
> - Plaintiff's personnel file maintained by Human Resources;
> - Plaintiff's personnel file maintained by the Department of Pediatrics;

5

- Documents maintained by TTUHSC at El Paso and the Department of Pediatrics relating to Plaintiff's employment:
- Documents received from the EEOC and/or TWC relating to Plaintiff's charge of discrimination;
- Documents and other electronically stored information (ESI), if any, in the possession of persons identified by Defendants as likely to have discoverable information;
- TTUHSC at El Paso's operating policies and procedures.

**B.  Defendants' agreed to produce all "non-privileged documents reflected in their initial disclosures" pursuant to the Parties' Agreement attached herein as Exhibit "A."**

The Parties' Agreement requires Defendants to produce "non-privileged documents reflected in their initial disclosures." Defendants' further agreed to produce supplemental documentation pursuant to their disclosure responses, if such documentation was identified by Plaintiff as relevant, existent, and not previously produced by Defendants in their disclosure production. P's MTC Ex. "A."

Accordingly, Defendants agreed to produce and to supplement documents in their possession "related to Plaintiff's employment with Defendants" as identified in their disclosure responses (requested in P's Req. Prod. No. 2), as well as Defendants' "operating policies and procedures" (which were requested by Plaintiff in P's Req. Prod. No. 3 [Defs' Employment Manual], 6 [Defs' Workers' Compensation Policy], 7 [Defs' FMLA Policy], 8 [Defs' Discrimination Policy], 9 and 10 [Defs' Reas. Accom. Policy], 15 [Supervisor's Guide to Employment], 17 [Defs' Progressive Discipline Policy]), all of which were identified as existent and relevant by Defendants' witnesses and not produced by Defendants.

Defendants' witnesses also identified in their depositions the existence of "Certificates of Completion" regarding EEOC trainings they allegedly participated in. Plaintiff requested the same in his Requests for Production Set One, Nos. 4 & 5. Pursuant to the Parties' Agreement, Defendants should produce such documentation being it is documentation in the "possession of

persons identified by Defendants as likely to have discoverable information," being that all deposed witnesses have been identified as such by Defendants in their disclosure responses and identified the aforesaid certificates as "in their possession." Likewise, Defendants' witness Natalia Campa identified her removal as a Clinical Supervisor to be due to a RIF and therein identified the existence of documents reflecting the same. Plaintiff requested such documents in his Request for Production, Set One, No. 14, and Defendants' pursuant to their duty to supplement and the Parties' Agreement for production must produce the same.

Defendants' agreed to produce all non-privileged documents "maintained by TTUHSC at El Paso and the Department of Pediatrics relating to Plaintiff's employment," yet refuse to produce "**ALL EMAILS** PERTAINING **TO PLAINTIFF** sent and/or received between Laura Rodriguez and Karen Given as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015," identified in Plaintiff's Request for Production, Set One, No. 11. Such emails are documents in "possession of persons identified by Defendants as likely to have discoverable information," and also reflect and relate directly to Plaintiff's use and request for leave from Defendants, which thus are "related to Plaintiff's employment with Defendants." Such documents should be produced pursuant to Defendants' requirement to supplement its disclosure responses (being they fall squarely within the documents identified for production by Defendants in their disclosures), and thus should have been produced by Defendants pursuant to the Parties' Agreement for production of documents. Likewise, Defendants should also be compelled by the Court to produce documents requested by Plaintiff in his Request for Production, Set One, No. 16: "Please produce **DOCUMENTS POSSESSED BY DEFENDANTS RELATED TO** the discipline of **PLAINTIFF'S PRIOR CO-WORKERS** working in the Clinical Pods from 2014-2015, as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015."

These documents were identified by Defendants' witnesses as existent, relevant, in their possession, but have yet to be produced by Defendants.

Defendants object entirely to Plaintiff's Request for Production, Set One, No. 13: "Please produce the entire contents of Plaintiff's 'Personnel File' possessed by Defendants as was discussed by Defendants' witnesses in their deposition testimony March 25 and March 26, 2015," despite the fact Defendants identify "Plaintiff's personnel file maintained by Human Resources," specifically in their disclosure responses and thus therein agreed to produce the same pursuant to the Parties' Agreement.

Defendants identify online policies as responsive to Plaintiff's Requests for Production, Set One, Nos. 3 [Defs' Employment Manual] and 8 [Defs' Discrimination Policy], stating such policies requested can be found online: "Subject to and without waiving the foregoing general and specific objections, please see responsive documents located at https://www.ttuhsc.edu/hsc/op/." Plaintiff has requested the policies in existence and in use during the course of Plaintiff's employment and at the time of his termination be produced, not the policies that exist today online. Accordingly, Defendants responses providing current online policies are not sufficient in properly producing and supplementing their disclosure documentation as required by the Federal Rules and the Parties' Agreement (Ex. A) as to the policies that existed at the time of Plaintiff's employment and date of termiantion.

Plaintiff attaches and incorporates by reference herein Exhibit "D," which provides a print out of the following online policies from Defendants' aforementioned online site, all of which have been revised during and after Plaintiff's employment, thus making the current online available policies inadequately responsive to Plaintiff's requests: HSC OP 70.46, HIV/AIDS Policy For The

8

Workplace[2]; HSC OP 10.15, Americans with Disabilities Act[3]; HSC OP 70.12 Performance Management[4]; HSC OP 70.13 Workers Compensation Insurance; HSC OP 70.31 Standard of Conduct, Discipline and Separation for Non-Faculty Personnel; HSC OP 70.01 TTUHSC Leave Policy; HSC OP 70.32 Family and Medical Leave (F&ML); HSC OP 70.10 Non-Faculty Employee Complaint and Grievance Procedures; HSC OP 7014 Anti-Discrimination Policy and Grievance Procedure for Violations of Employment and Other Laws; and Supervisors' Guide to Staff Performance Management. Defendants' identified online resource cites numerous changes to the aforementioned policies in question before, during and after Plaintiff's date of termination. Plaintiff thus, herein requests the Court require Defendants to produce the versions of the requested policies requested in Plaintiff's Requests for Production Set One, Nos. 3, 6, 7, 8, 9, 10, 15 and 17 which were in place at the time of Plaintiff's employment and at the time of his termination.

    **C.**     **Plaintiff conferred on numerous occasions with Defendants, therein requesting production of pending documentation pursuant to the Parties' Agreement attached herein as Exhibit "A."**

Plaintiff conferred with Defendants' on numerous occasions therein requesting production of the aforesaid pending documentation pursuant to the Parties' Agreement and Defendants' requirement to supplement its production pursuant to the Federal Rules of Civil Procedure. Specifically, Plaintiff conferred with Defendants on April 2, 2015; April 7, 2015 and April 10, 2015. Plaintiff attaches and incorporates by reference herein Plaintiff's Exhibit "E," which includes such correspondence and attempts to confer with Defendants (none of which resulted in production of pending documentation).

**IV.**     **CONCLUSION**

Defendants' responses to Plaintiff's aforesaid discovery do not comply with the Federal

---

[2] Revised 6/28/02, 6/30/04, 6/30/06, 06/30/08, 5/31/10, 5/31/12, 5/30/14.
[3] Revised 8/14/00, 11/27/02, 12/16/04, 3/2/07, 11/26/08, 8/10/11, 12/21/12, 11/26/14.
[4] See Plaintiff's Exhibit "D" for full listing of all revisions for policies cited herin.

Rules of Civil Procedure and failed to respect the Parties' Agreement regarding extended discovery and production of documentation. This Court may intervene in extraordinary circumstances, which have arisen in light of Defendants' refusal to comply with the Parties' Agreement. Without Court intervention, Defendants will be allowed to ignore the Parties' Agreement for production of documents and extension of discovery. This will further impede the ability of the Parties to proceed with litigation and ultimately trial. This is true especially in light of Defendants' production of online policies that neither relate nor pertain necessarily to Plaintiff's employment and/or claims before this Court. Defendants are obligated to supplement documents they agreed to produce pursuant to FED. R. CIV. P. 26 and the Parties' Agreement. Their failure to do so is in blatant contradiction of both the Federal Rules and the Parties' Agreement and thus cannot stand. Plaintiff requests this Court overrule the objections asserted by the Defendants in response to Plaintiff's Requests for Production Set One and Two (with the exception of Request Set One, No. 2), and order Defendants to produce all responsive documents fully and completely. Further, Plaintiff requests the Court consider awarding Plaintiff his expenses and fees in preparing and filing this motion to obtain relief, per FED. R. CIV. P. 37.

Respectfully submitted,
The Hanshew Law Firm, PLLC
**Soraya Yanar Hanshew, Esq.**
632 Moondale Dr.
El Paso, Texas 79912
syhlaw@outlook.com
(915) 491-6181 Telephone
(915) 996-9907 Facsimile

_____
SORAYA YANAR HANSHEW
State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed and served via Electronic Filing Notification System on May 13, 2015 on opposing counsel:

Esteban S.M. Soto
Assistant Attorney General
Office of the Attorney General
General Litigation Division – 019
P.O. Bo 12548, Capital Station
Austin, Texas 78711-2548
(512) 475-4099
Esteban.soto@texasattorneygeneral.gov

       /s/ Soraya Yanar Hanshew
**SORAYA YANAR HANSHEW**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | § | |
|---|---|---|
| **CARLOS D. ROBLES,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | **CAUSE NO. EP-14-CV-321-FM** |
| **TEXAS TECH UNIVERSITY HEALTH** | § | |
| **SCIENCES CENTER a/k/a TEXAS** | § | |
| **TECH UNIVERSITY HEALTH** | § | |
| **SCIENCES CENTER OF EL PASO** | § | |
| **and BRADLEY P. FUHRMAN, M.D.,** | § | |
| **in his official capacity; and RICHARD** | § | |
| **LANGE, M.D., in his official capacity,** | § | |
| | § | |
| Defendants. | | |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS

On the date indicated below, the Court considered Plaintiff's Motion to Compel Discovery from Defendants Texas Tech University Health Sciences Center a/k/a Texas Tech University Health Sciences Center at El Paso, and BRADLEY P. FUHRMAN, M.D., Professor and Chair, Physician in Chief of the Pediatrics Unit, in his official capacity; and RICHARD LANGE, M.D., President of Texas Tech Health Sciences Center at El Paso, in his official capacity before this Court, (collectively herein "Defendants") and hereby **GRANTS** Plaintiff's aforesaid motion as follows:

| DISCOVERY AT ISSUE | RESOLVED | GRANTED | DENIED |
|---|---|---|---|
| P'S RFP NO. 1 | | | |
| P'S RFP NO. 3 | | | |
| P'S RFP NO. 4 | | | |
| P'S RFP NO. 5 | | | |
| P'S RFP NO. 6 | | | |
| P'S RFP NO. 7 | | | |
| P'S RFP NO. 8 | | | |
| P'S RFP NO. 9 | | | |
| P'S RFP NO. 10 | | | |
| P'S RFP NO. 11 | | | |
| P'S RFP NO. 12 | | | |
| P'S RFP NO. 13 | | | |
| P'S RFP NO. 14 | | | |
| P'S RFP NO. 15 | | | |
| P'S RFP NO. 16 | | | |
| P'S RFP NO. 17 | | | |
| P'S RFP NO. 18 | | | |
| P'S RFP SET TWO, NO. 1 | | | |

Wherein Defendants' are COMPELLED by this Court to produce documents which were supplemental to Defendants' Initial Disclosure responses and owed to Plaintiff pursuant to the Parties' Agreements. Additionally, Plaintiff's costs and fees will be assessed against Defendants per the request made in Plaintiff's Motion to Compel.

**SIGNED** on _____, 2015.

_____
**THE HONORABLE FRANK MONTALVO**