UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CARLOS D. ROBLES,** | § § § | |
| **Plaintiff** | § § | |
| v. | § § § | |
| **TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER and BRADLEY P. FUHRMAN, M.D., in his official capacity; and TEDD MITCHELL, M.D., in his official capacity,** | § § § § § § § § | **CAUSE NO. 3:14-CV-321** |
| **Defendants.** | § § | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS FOLLOWING PLAINTIFF'S DEPOSITION OF DEFENDANTS' WITNESSES**

    **RESPONDING PARTY:**     Defendant, Texas Tech University Health Sciences Center a/k/a Texas Tech University Health Sciences Center at El Paso, and Bradley P. Fuhrman, M.D., and Richard Lange, M.D. in their official capacities (herein collectively, "Defendants")

    **PROPOUNDING PARTY:**     Plaintiff Carlos Robles (herein, "Plaintiff")

    **SET NUMBER:**     One (1)

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Carlos Robles, hereby serves Defendants, Texas Tech University Health Sciences Center a/k/a Texas Tech University Health Sciences Center at El Paso ("TTUHSC" or the "University") and Bradley P. Fuhrman, M.D. and Richard Lange, M.D. in their official capacities ("individual Defendants") (collectively, "Defendants") by and through their attorney of record, Esteban S.M. Soto, Assistant Attorney General, General Litigation Division, P.O. Box 12548, Capitol Station,

EXHIBIT B

Austin, Texas 78711-2548, with Plaintiff's REQUESTS FOR PRODUCTION OF DOCUMENTS, herein requesting documents referenced by witnesses in Plaintiff's Depositions of Defendants' Witnesses which occurred March 25 and 26, 2015.

> Respectfully submitted,
> The Hanshew Law Firm, PLLC
> **Soraya Yanar Hanshew, Esq.**
> 632 Moondale Dr.
> El Paso, Texas  79912
> syhlaw@outlook.com
> (915) 491-6181 Telephone
> (915) 996-9907 Facsimile
>
> */s/ Soraya Yanar Hanshew/*
> SORAYA YANAR HANSHEW
> State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via facsimile and electronic mail, pursuant to the agreement between the parties to utilize electronic service, on Defendants by and through their attorney of record, Esteban S.M. Soto, located at P.O. BOX 12548, Capitol Station, Austin, Texas 78711-2548, facsimile (512-320-0667) this 30TH day of March 2015.

> THE HANSHEW LAW FIRM, PLLC
>
> */s/ Soraya Yanar Hanshew/*
> Soraya Yanar Hanshew, Esq.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      As used in these requests for production, the term "**TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER**" and/or "**DEFENDANT**" shall mean and include, without limitation, Defendants **Texas Tech University Health Sciences Center a/k/a Texas Tech University Health Sciences Center at El Paso, and Bradley P. Fuhrman, M.D., and Richard Lange, M.D. in their official capacities** (herein, "Defendants"); inclusive of Defendants' agents, employees, officers, directors, representatives, insurers, attorneys, vendors, consultants, and all other persons acting for, at the request of, or on its behalf.

2.      As used in these requests for production, the term "**DEFENDANT**" or "**YOU**" or "**YOUR**" shall mean and include, without limitation, **TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER**, inclusive of **YOUR** agents, employees, insurance companies, attorneys, accountants, investigators, and anyone else acting on **YOUR** behalf.

3.      As used in these requests for production, the term "**PLAINTIFF**" shall mean and include, without limitation, Plaintiff CARLOS ROBLES as well as such individual's full or abbreviated names or a pronoun referring to such individuals collectively or individually; and where applicable, such individuals' agents, representatives, officers, directors, subsidiaries, and affiliates.

4.      As used in these requests for production, the term "**PERSON"** shall mean and include, without limitation, any natural individual, governmental entity or business entity, including a corporation or partnership, association, joint venture, co-venture or other entity or any combination thereof, and all corporations, divisions or entities affiliated with, owned or controlled directly or indirectly by any such entities, as well as the directors, officers, employees, agents, attorneys or other representatives thereof, or third parties retained or employed by any of the above.

5.      As used in these requests for production, the phrases "**RELATE TO**" or

"**RELATED TO**" shall mean and include, without limitation: with respect to, referring to, dealing with, concerning, purporting, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, indicating, presenting and/or constituting.

6. As used in these requests for production, the term "**ALL**" shall mean and include, without limitation, "**ANY**" and vice versa.

7. As used in these requests for production, the term " **PERTAINING TO**" shall mean and include, without limitation, consisting of, relating to, referring to, responding to, reflecting, supporting, connected with, forming the basis of, commenting on, discussing, showing, describing, mentioning, analyzing, evidencing, or having any logical or factual connection with the matter referred to.

8. As used in these requests for production, the term "**DOCUMENT**" or "**DOCUMENTS**" shall mean and include, without limitation, **ALL** written, printed, typed, recorded, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody, or control of **TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER**, and/or **DEFENDANT** including but not limited to, letters, correspondence, telegrams, telexes, text messages, electronic messages, emails, facsimiles, memoranda, records, minutes, contracts, agreements, intra- and inter-office communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, calendar entries, summaries, books, messages, instructions, work assignments, notes, write-ups, notebooks, drafts, data sheets, data compilations, computer data compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions and other writings and other magnetic, photographic, electronic and sound recordings.

9. As used in these requests for production, the term "**ADDRESS**" shall mean and include, without limitation, a street address, including the respective city, state, and zip code.

10. As used in these requests for production, the term "**EMPLOYMENT**" shall mean and include, without limitation, a relationship wherein an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor.

11. As used in these requests for production, the term "**EMPLOYEE**" or "**EMPLOYEES**" shall mean and include, without limitation, a **PERSON** or **PERSONS** who provide services in an **EMPLOYMENT** relationship.

12. As used in these requests for production, the term "**EMPLOYER**" shall mean and include, without limitation, a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship and who is a party to this lawsuit.

13. As used in these requests for production, the term "**ADVERSE EMPLOYMENT ACTION**" shall mean and include, without limitation, any termination, suspension, demotion, reprimand, loss of pay, suspension with pay, failure or refusal to promote, or other action or failure to act that adversely affects the **EMPLOYEE'S** rights or interests.

14. As used in these requests for production, the term "**EMPLOYMENT AGREEMENT**" shall mean and include, without limitation, the agreement between an **EMPLOYEE** and **EMPLOYER** allowing for such **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship to the **EMPLOYER**.

15. As used in these requests for production, the term "**TERMINATION**" shall mean and include, without limitation, the actual or constructive termination of **EMPLOYMENT** and includes a discharge, firing, layoff, resignation, non-renewal, or completion of the term of the **EMPLOYMENTAGREEMENT**.

16. As used in these requests for production, the term "**IDENTIFY**" or "**DESCRIBE**" shall mean and include, without limitation, when referring to a **PERSON**, that **YOU** must state the following:
      a. The **PERSON'S** full name.
      b. The **PERSON'S** present or last known residential address and residential telephone number.
      c. The **PERSON'S** present or last known office address and office telephone number.

        d.        The **PERSON'S** occupation, job title, **EMPLOYER**, and **EMPLOYER'S** address at the time of the event or period referred to in each request for production.

        e.        In the case of any entity, identify the officer, **EMPLOYEE**, or agent most closely connected with the subject matter of the request for production and the officer who is responsible for supervising that officer or **EMPLOYEE**.

17.     As used in these requests for production, the term "**IDENTIFY**" or "**DESCRIBE**" shall mean and include, without limitation, when referring to a **DOCUMENT**, that **YOU** must state the following:

        a.        The nature of the **DOCUMENT**.

        b.        The title or heading that appears on the **DOCUMENT**.

        c.        The date of the **DOCUMENT** and the date of each addendum, supplement, or other addition or change.

        d.        The identity of the author and the signer of the **DOCUMENT**, and of the **PERSON** on whose behalf or at whose request or direction the **DOCUMENT** was prepared or delivered.

        e.        The present location of the **DOCUMENT**, and the name, address, position or title, and telephone number of the **PERSON** or **PERSONS** having custody of the **DOCUMENT**.

18.     As used in these requests for production, the term "**POSSESSION**" or "**CUSTODY**" or "**CONTROL**" shall mean and include, without limitation, that a **PERSON** has either physical possession of the item or has a right to possession equal or superior to that of the **PERSON** who has physical possession of the item.

19.     As used in these requests for production, the term "**BENEFIT**" shall mean and include, without limitation, any benefit from an **EMPLOYER** to an **EMPLOYEE**, including but not limited to paid time off, vacation leave, sick leave, and medical insurance.

## INSTRUCTIONS

1.     For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

2. In answering each of these requests for production, please furnish all information that is available to **YOU**, including information in the possession of officers, directors, employees, or other agents of **DEFENDANT**.

3. All requests for production must be answered fully in writing in accordance with Tex. R. Civ. P. 193.1.

5. In the event **YOU** are unable to respond to one or more of the following requests after exercising due diligence to secure the necessary information, **YOU** shall provide the most complete answer possible and specify the reasons for **YOUR** inability to provide a complete response at the present time.

6. **DEFENDANT** is required to supplement or correct its answers to these requests should it later obtain information and/or documentation which renders its prior production and/or answers not complete or inaccurate.

7. In all cases the singular of a word includes the plural. The use of the plural includes the singular as well.

8. When identifying the document, you must state the following:
   1) The nature of the document (e.g., letter, handwritten note).
   2) The title or heading that appears on the document.
   3) The date of the document and the date of each addendum, supplement, or other addition or change.
   4) The identity of the author and the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

9. For each document in existence, produce the original of such document or thing described below or, if the original is not in **YOUR** custody, a copy thereof. **YOU** are required to produce all non-identical copies which differ from the original or from other copies produced, for any reason including, but not limited to, the making of any interlineations, receipt stamped, notation, indication of copies sent or received or otherwise.

10. In the event **YOU** are able to produce only some of the documents and things called for in a particular category, produce all of the documents and things **YOU** are able to

produce and state the reasons for **YOUR** inability to produce the remainder.  **YOU** must produce a privilege log if necessary pursuant to the Federal Rules of Civil Procedure if **YOU** fail to produce a document with a defense of privilege for non-disclosure.

11. For a document that no longer exists or that cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION 1:  **IDENTIFY ALL** insurance policies relevant to this suit and produce them herein.

REQUEST FOR PRODUCTION 2:  **IDENTIFY & PRODUCE ALL DOCUMENTS PERTAINING TO YOUR EMPLOYMENT OF PLAINTIFF**.

REQUEST FOR PRODUCTION 3:  Please produce **DEFENDANTS'** Employment Manual as referenced by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 4:  **IDENTIFY & PRODUCE ALL DOCUMENTS** discussed by **YOUR** witnesses during the course of their deposition by **PLAINTIFF**.

REQUEST FOR PRODUCTION 5:  **IDENTIFY & PRODUCE ALL "CERTIFICATES OF COMPLETION" PERTAINING TO** completed training courses regarding discrimination and/or given by the EEOC which were completed by **YOUR EMPLOYEES** who were deposed by PLAINTIFF:  Laura Rodriguez, Guadalupe Sierra, Natalia Campa, Rosemary Rodriguez, Alicia Gacharna, and Rebecca Salcido.

REQUEST FOR PRODUCTION 6:  Please produce **DEFENDANTS'** Workers' Compensation Policy as was discussed by **Defendants'** witnesses in their deposition testimony

March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 7:  Please produce **DEFENDANTS'** FMLA Policy as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 8:  Please produce **DEFENDANTS'** Discrimination Policy as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 9:  Please produce **DEFENDANTS'** Reasonable Accommodation Policy as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 10:  Please produce **DEFENDANTS'** Policy which requires reasonable accommodation requests to be in writing as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 11:  Please produce **ALL EMAILS** PERTAINING **TO PLAINTIFF** sent and/or received between Laura Rodriguez and Karen Given as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 12:  Please produce the entire contents of **PLAINTIFF'S** "MEDICAL FILE" **POSSESSED BY DEFENDANTS** as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 13:  Please produce the entire contents of **PLAINTIFF'S** "PERSONNEL FILE" **POSSESSED BY DEFENDANTS** as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 14:  Please produce **DOCUMENTS POSSESSED BY DEFENDANTS** which reference the alleged **RIF** which occurred as it **RELATED TO DEFENDANTS' WITNESS, NATALIA CAMPA,** as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 15:  Please produce **DEFENDANTS'**

"SUPERVISORS' GUIDE TO EMPLOYMENT" **POSSESSED BY DEFENDANTS,** as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 16:  Please produce **DOCUMENTS POSSESSED BY DEFENDANTS RELATED TO** the discipline of **PLAINTIFF'S PRIOR CO-WORKERS** working in the Clinical Pods from 2014-2015, as was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 17:  Please produce **DEFENDANTS'** "Progressive Discipline Policy" which was discussed by **Defendants'** witnesses in their deposition testimony March 25 and March 26, 2015.

REQUEST FOR PRODUCTION 18:  Please produce **ALL** of **DEFENDANTS' DOCUMENTS RELATED TO PLAINTIFF'S TERMINATION** from his **EMPLOYMENT** with **YOU**, as was discussed by **Defendants'** witnesses and by Plaintiff in deposition testimony March 24, 25 and March 26, 2015.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CARLOS D. ROBLES,** | § § § | |
| **Plaintiff** | § § | |
| v. | § § | |
| **TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER and BRADLEY P. FUHRMAN, M.D., in his official capacity; and TEDD MITCHELL, M.D., in his official capacity,** | § § § § § § § | **CAUSE NO. 3:14-CV-321** |
| **Defendants.** | § § | |

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
FOLLOWING PLAINTIFF'S DEPOSITION OF DEFENDANTS' WITNESSES**

  **RESPONDING PARTY:**  Defendant, Texas Tech University Health Sciences Center a/k/a Texas Tech University Health Sciences Center at El Paso, and Bradley P. Fuhrman, M.D., and Richard Lange, M.D. in their official capacities (herein collectively, "Defendants")

  **PROPOUNDING PARTY:**  Plaintiff Carlos Robles (herein, "Plaintiff")

  **SET NUMBER:**  Two (2)

  Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Carlos Robles, hereby serves Defendants, Texas Tech University Health Sciences Center a/k/a Texas Tech University Health Sciences Center at El Paso ("TTUHSC" or the "University") and Bradley P. Fuhrman, M.D. and Richard Lange, M.D. in their official capacities ("individual Defendants") (collectively, "Defendants") by and through their attorney of record, Esteban S.M. Soto, Assistant Attorney General, General Litigation Division, P.O. Box 12548, Capitol Station,

Austin, Texas 78711-2548, with Plaintiff's REQUESTS FOR PRODUCTION OF DOCUMENTS, herein requesting documents referenced by witnesses in Plaintiff's Depositions of Defendants' Witnesses which occurred March 25 and 26, 2015.

Respectfully submitted,
The Hanshew Law Firm, PLLC
**Soraya Yanar Hanshew, Esq.**
632 Moondale Dr.
El Paso, Texas  79912
syhlaw@outlook.com
(915) 491-6181 Telephone
(915) 996-9907 Facsimile

SORAYA YANAR HANSHEW
State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via facsimile and electronic mail, pursuant to the agreement between the parties to utilize electronic service, on Defendants by and through their attorney of record, Esteban S.M. Soto, located at P.O. BOX 12548, Capitol Station, Austin, Texas 78711-2548, facsimile (512-320-0667) this 31ST day of March 2015.

THE HANSHEW LAW FIRM, PLLC

Soraya Yanar Hanshew, Esq.

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. As used in these requests for production, the term "**TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER**" and/or "**DEFENDANT**" shall mean and include, without limitation, Defendants **Texas Tech University Health Sciences Center a/k/a Texas Tech University Health Sciences Center at El Paso, and Bradley P. Fuhrman, M.D., and Richard Lange, M.D. in their official capacities** (herein, "Defendants"); inclusive of Defendants' agents, employees, officers, directors, representatives, insurers, attorneys, vendors, consultants, and all other persons acting for, at the request of, or on its behalf.

2. As used in these requests for production, the term "**DEFENDANT**" or "**YOU**" or "**YOUR**" shall mean and include, without limitation, **TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER**, inclusive of **YOUR** agents, employees, insurance companies, attorneys, accountants, investigators, and anyone else acting on **YOUR** behalf.

3. As used in these requests for production, the term "**PLAINTIFF**" shall mean and include, without limitation, Plaintiff CARLOS ROBLES as well as such individual's full or abbreviated names or a pronoun referring to such individuals collectively or individually; and where applicable, such individuals' agents, representatives, officers, directors, subsidiaries, and affiliates.

4. As used in these requests for production, the term "**PERSON"** shall mean and include, without limitation, any natural individual, governmental entity or business entity, including a corporation or partnership, association, joint venture, co-venture or other entity or any combination thereof, and all corporations, divisions or entities affiliated with, owned or controlled directly or indirectly by any such entities, as well as the directors, officers, employees, agents, attorneys or other representatives thereof, or third parties retained or employed by any of the above.

5. As used in these requests for production, the phrases "**RELATE TO**" or

"**RELATED TO**" shall mean and include, without limitation: with respect to, referring to, dealing with, concerning, purporting, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, indicating, presenting and/or constituting.

6. As used in these requests for production, the term "**ALL**" shall mean and include, without limitation, "**ANY**" and vice versa.

7. As used in these requests for production, the term " **PERTAINING TO**" shall mean and include, without limitation, consisting of, relating to, referring to, responding to, reflecting, supporting, connected with, forming the basis of, commenting on, discussing, showing, describing, mentioning, analyzing, evidencing, or having any logical or factual connection with the matter referred to.

8. As used in these requests for production, the term "**DOCUMENT**" or "**DOCUMENTS**" shall mean and include, without limitation, **ALL** written, printed, typed, recorded, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody, or control of **TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER**, and/or **DEFENDANT** including but not limited to, letters, correspondence, telegrams, telexes, text messages, electronic messages, emails, facsimiles, memoranda, records, minutes, contracts, agreements, intra- and inter-office communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, calendar entries, summaries, books, messages, instructions, work assignments, notes, write-ups, notebooks, drafts, data sheets, data compilations, computer data compilations and computer runs, worksheets, statistics, speeches, tapes, tape recordings, press releases, public statements and public announcements, public and governmental filings, financial statements, opinions and other writings and other magnetic, photographic, electronic and sound recordings.

9. As used in these requests for production, the term "**ADDRESS**" shall mean and include, without limitation, a street address, including the respective city, state, and zip code.

10. As used in these requests for production, the term "**EMPLOYMENT**" shall mean and include, without limitation, a relationship wherein an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor.

11. As used in these requests for production, the term "**EMPLOYEE**" or "**EMPLOYEES**" shall mean and include, without limitation, a **PERSON** or **PERSONS** who provide services in an **EMPLOYMENT** relationship.

12. As used in these requests for production, the term "**EMPLOYER**" shall mean and include, without limitation, a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship and who is a party to this lawsuit.

13. As used in these requests for production, the term "**ADVERSE EMPLOYMENT ACTION**" shall mean and include, without limitation, any termination, suspension, demotion, reprimand, loss of pay, suspension with pay, failure or refusal to promote, or other action or failure to act that adversely affects the **EMPLOYEE'S** rights or interests.

14. As used in these requests for production, the term "**EMPLOYMENT AGREEMENT**" shall mean and include, without limitation, the agreement between an **EMPLOYEE** and **EMPLOYER** allowing for such **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship to the **EMPLOYER**.

15. As used in these requests for production, the term "**TERMINATION**" shall mean and include, without limitation, the actual or constructive termination of **EMPLOYMENT** and includes a discharge, firing, layoff, resignation, non-renewal, or completion of the term of the **EMPLOYMENTAGREEMENT**.

16. As used in these requests for production, the term "**IDENTIFY**" or "**DESCRIBE**" shall mean and include, without limitation, when referring to a **PERSON**, that **YOU** must state the following:
    a. The **PERSON'S** full name.
    b. The **PERSON'S** present or last known residential address and residential telephone number.
    c. The **PERSON'S** present or last known office address and office telephone number.

        d.        The **PERSON'S** occupation, job title, **EMPLOYER**, and **EMPLOYER'S** address at the time of the event or period referred to in each request for production.

        e.        In the case of any entity, identify the officer, **EMPLOYEE**, or agent most closely connected with the subject matter of the request for production and the officer who is responsible for supervising that officer or **EMPLOYEE**.

17.        As used in these requests for production, the term "**IDENTIFY**" or "**DESCRIBE**" shall mean and include, without limitation, when referring to a **DOCUMENT**, that **YOU** must state the following:

        a.        The nature of the **DOCUMENT**.

        b.        The title or heading that appears on the **DOCUMENT**.

        c.        The date of the **DOCUMENT** and the date of each addendum, supplement, or other addition or change.

        d.        The identity of the author and the signer of the **DOCUMENT**, and of the **PERSON** on whose behalf or at whose request or direction the **DOCUMENT** was prepared or delivered.

        e.        The present location of the **DOCUMENT**, and the name, address, position or title, and telephone number of the **PERSON** or **PERSONS** having custody of the **DOCUMENT**.

18.        As used in these requests for production, the term "**POSSESSION**" or "**CUSTODY**" or "**CONTROL**" shall mean and include, without limitation, that a **PERSON** has either physical possession of the item or has a right to possession equal or superior to that of the **PERSON** who has physical possession of the item.

19.        As used in these requests for production, the term "**BENEFIT**" shall mean and include, without limitation, any benefit from an **EMPLOYER** to an **EMPLOYEE**, including but not limited to paid time off, vacation leave, sick leave, and medical insurance.

## INSTRUCTIONS

1.        For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

2.	In answering each of these requests for production, please furnish all information that is available to **YOU**, including information in the possession of officers, directors, employees, or other agents of **DEFENDANT**.

3.	All requests for production must be answered fully in writing in accordance with Tex. R. Civ. P. 193.1.

5.	In the event **YOU** are unable to respond to one or more of the following requests after exercising due diligence to secure the necessary information, **YOU** shall provide the most complete answer possible and specify the reasons for **YOUR** inability to provide a complete response at the present time.

6.	**DEFENDANT** is required to supplement or correct its answers to these requests should it later obtain information and/or documentation which renders its prior production and/or answers not complete or inaccurate.

7.	In all cases the singular of a word includes the plural. The use of the plural includes the singular as well.

8.	When identifying the document, you must state the following:
    1) The nature of the document (e.g., letter, handwritten note).
    2) The title or heading that appears on the document.
    3) The date of the document and the date of each addendum, supplement, or other addition or change.
    4) The identity of the author and the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

9.	For each document in existence, produce the original of such document or thing described below or, if the original is not in **YOUR** custody, a copy thereof. **YOU** are required to produce all non-identical copies which differ from the original or from other copies produced, for any reason including, but not limited to, the making of any interlineations, receipt stamped, notation, indication of copies sent or received or otherwise.

10.	In the event **YOU** are able to produce only some of the documents and things called for in a particular category, produce all of the documents and things **YOU** are able to

produce and state the reasons for **YOUR** inability to produce the remainder.  **YOU** must produce a privilege log if necessary pursuant to the Federal Rules of Civil Procedure if **YOU** fail to produce a document with a defense of privilege for non-disclosure.

11. For a document that no longer exists or that cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

### REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION 1:  **IDENTIFY AND PRODUCE ANY** training materials used by **DEFENDANTS** in **ANY** discrimination training conducted for **DEFENDANTS' EMPLOYEES from 2003-2014.**