UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |  |
|---|---|---|
| **CARLOS D. ROBLES,** | § § § | |
| **Plaintiff** | § § | |
| **v.** | § § | **CAUSE NO. EP-14-CV-321-FM** |
| **TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER a/k/a TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER OF EL PASO and BRADLEY P. FUHRMAN, M.D., in his official capacity; and RICHARD LANGE, M.D., in his official capacity,** | § § § § § § § § § | |
| **Defendants.** | § | |

## PLAINTIFF'S OPPOSED MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRATING DEFENDANTS' MOTION FOR RECONSIDERATION

TO THE HONORABLE JUDGE FRANK MONTALVO:

Plaintiff Carlos Robles ("Plaintiff" and "Mr. Robles"), pursuant to Fed. R. Civ. P. 59(e) and 60(b), respectfully moves this Court for reconsideration of its Order Granting Defendants' Opposed Motion for Reconsideration (ECF No. 45).

### I.      INTRODUCTION

This Court granted Defendants' Opposed Motion for Reconsideration of the Court's Order Denying its Summary Judgment as Moot (ECF No. 43; herein "Defendants' Motion") on July 1, 2015 on the premise Plaintiff's depositions were faulty due to an employment relationship existing between Plaintiff's counsel and the deposition officer who officiated depositions of Defendants' witnesses. The Court did so prior to Plaintiff responding to Defendants' Opposed Motion for Reconsideration. Plaintiff's response was due July 13, 2015.

Had Plaintiff been given the opportunity to respond, he would have provided the Court with factual clarification regarding Defendants' allegation, presented in solely a footnote, that Plaintiff's counsel and the deposition officer have an employment relationship. Defendants do not state an employment relationship actually exists between Plaintiff's counsel and the deposition officer; because one does not. Defendants solely allude in footnote 4 of their Motion that "Plaintiff's counsel and the deposition officer appear to be colleagues at the El Paso Rio Grande Legal Aid Clinic." Defendants assert this based on "Linkedin Profiles" of Plaintiff's counsel and the deposition officer. (Defs' Mt, pg. 8, ftnt 4) Defendants simply claim the possibility Plaintiff's counsel and the deposition officer being "colleagues," thereafter citing to Fed. R. Civ. P. 28(c).[1]

The Court granted Defendants' Motion for Reconsideration stating it is meritorious because "it came to the court's attention that the officer who presided over and transcribed the six contested depositions, Marco Martinez, was associated with Plaintiff's counsel at the El Paso office of Texas RioGrande Legal Aid. Therefore, the depositions are completely inadmissible." (ECF No. 45 ¶ 2) The Court therein cites Fed. R. Civ. P. 28(c) which states: "A deposition must not be taken before a person who is …employed by any party's attorney."

Federal Rule of Civil Procedure 28(c) prohibits a deposition officer from being "any party's relative, employee or attorney".[2] It does not prohibit a deposition officer from being a colleague of a party's attorney, nor does it prohibit association between such individuals. It simply states a party's attorney may not "employ" a deposition officer directly.   Defendants

---

[1]Defendants' Motion, pg. 8, footnote 4: "*see also* FED. R. CIV. P. 28(c) ('A deposition must not be taken before a person who is …employed by any party's attorney').

[2] Fed. R. Civ. P. 28(c): "(c) DISQUALIFICATION. A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action."

allege Ms. Hanshew and Mr. Martinez "appear to be colleagues at El Paso Rio Grande Legal Aid"; Defendants do not assert that Ms. Hanshew and Mr. Martinez are employer and employee of a singular entity. No such assertion is made by Defendants in their Motion because doing so constitutes a misrepresentation to this Court. Ms. Hanshew does not employ Mr. Martinez in any capacity; Mr. Martinez is not Ms. Hanshew's relative, and further, he has no financial interest in the present suit before this Court. The fact Mr. Martinez and Ms. Hanshew are both employees of an entity (Texas RioGrande Legal Aid) which is an entity that is entirely unrelated to this suit is completely irrelevant to a query as to whether Plaintiff's depositions in the present matter were proper pursuant to Fed. R. Civ. P. 28(c).

Neither "El Paso Rio Grande Legal Aid Clinic" as identified by Defendants (a nonexistent entity)[3] nor Texas RioGrande Legal Aid (herein "TRLA") has represented Plaintiff in the present litigation at any time during the course of this suit. The Hanshew Law Firm, PLLC represents Plaintiff.  Plaintiff's counsel's signature has reflected the same since the inception of this litigation wherein The Hanshew Law Firm, PLLC entered an appearance for Plaintiff in his Original Petition. The Hanshew Law Firm PLLC has solely one owner/employee: Ms. Hanshew.

The Hanshew Law Firm, PLLC enlisted the services of notary, Mr. Marco Martinez, for Plaintiff's depositions of Defendants' witnesses. Mr. Martinez provided his services as a notary in his private capacity. Mr. Martinez has several jobs and titles (evidenced by his Linkedin Profile cited in Defendants' Motion); he is employed at Texas RioGrande Legal Aid as a paralegal, but he also is affiliated as founder and Editor in Chief of C2 Magazine, and he is a

---

[3] "El Paso Rio Grande Legal Aid Clinic," as an entity, does not exist; it is not listed on either Ms. Hanshew or Mr. Martinez's LinkedIn profiles online.

notary.  As clearly visible from his LinkedIn Profile, Mr. Martinez is not an employee of the Hanshew Law Firm, PLLC.[4]

Both Ms. Hanshew and Mr. Martinez are employees of Texas RioGrande Legal Aid. Ms. Hanshew does not own Texas RioGrande Legal Aid; she is solely an employee of the entity.[5] As such, Ms. Hanshew does not employ Mr. Martinez in this capacity either. The staff directory of Texas RioGrande Legal Aid identifies Ms. Hanshew as a member of the Employment Discrimination Team, Employment Team, and Border Rights Team (not as an owner of the organization). Marco Martinez's identification by TRLA is a paralegal affiliated with the Wills & Estates Team, the Public Benefits Team, the Mental Health Team, and the Special Education Team.[6]  Though Ms. Hanshew and Mr. Martinez are both employees of TRLA, they are not even affiliated within the same practice areas at TRLA. Further, Mr. Martinez is supervised by TRLA's local Branch Manager, Alberto Mesta; not by Ms. Hanshew.  There is no way, being presented with these facts that a determination can be made that Ms. Hanshew "employs" Mr. Martinez in any capacity, at any of the jobs he holds.

Federal Rule of Civil Procedure 28(c) does not prohibit employment affiliation of an attorney and deposition officer; it prohibits an attorney from being such deposition officer's "employer." There is a clear and evident difference between an attorney and deposition officer being "colleagues" who are mutually employed with an unrelated employer (which is permissible under Fed. R. Civ. P. 28(c)), and an attorney representing a party employing the deposition officer in question. Fed. R. Civ. P. 28(c) exists to ensure that an attorney does not

---

[4]https://www.linkedin.com/pub/marco-a-martinez/9/b37/319
[5] This too is evident from a review of Ms. Hanshew's LinkedIn Profiles: https://www.linkedin.com/pub/soraya-yanar-hanshew/0/91b/b21 (allegedly reviewed by Defendants and therein used as the cited premise for the allusion to impropriety made in their Motion).

have an employee serve as a deposition officer so the deposition officer does not have a "financial interest" in the suit in question. Mr. Martinez is not Ms. Hanshew's or the Hanshew Law Firm, PLLC's employee. As such, his officiating Plaintiff's depositions was well within the constructs of Fed. R. Civ. P. 28(c), since he is not related to Ms. Hanshew and he is not employed by her or the firm representing Plaintiff. The fact he happens to be employed by the same employer as Ms. Hanshew, does not make Ms. Hanshew an "employer" of Mr. Martinez, it makes her an employee alongside Mr. Martinez at an unrelated entity. The fact Ms. Hanshew and Mr. Martinez happen to both be employees at TRLA is irrelevant when TRLA as an entity is not representing Plaintiff and is not present in this suit and thus is not considered the "attorney" in question in regards to Fed. R. Civ. P. 28(c).

The Hanshew Law Firm, PLLC paid Mr. Martinez in his private capacity for notary services regarding Plaintiff's depositions (just as Defendants paid a stenographer to record their deposition of Plaintiff which does not result in such stenographer being an employee of the Attorney General's office). Texas RioGrande Legal Aid is not a participating entity in this litigation. More importantly, Ms. Hanshew is not the owner of Texas RioGrande Legal Aid. As such, she is not Mr. Martinez's employer in the context of his employment with TRLA or in any other context.

As such, the Court's Order granting Defendants' Motion for Reconsideration premised on the alleged fact that Plaintiff's depositions were faulty due to an employment relationship existing between Ms. Hanshew and Mr. Martinez should be reconsidered and Defendants' Motion must be denied by the Court in full, since the fact on which the Court premised its prior Order granting Defendants' Motion is factually incorrect.

---

[6] http://www.trla.org/directory

## II.     ARGUMENT

### A.  Legal Standard For Reconsideration

Reconsideration by a court is applicable when a judgment is based on incorrect or inaccurate information. A motion for reconsideration "call[s] into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.),* 303 F.3d 571, 581 (5th Cir. 2002); *see also Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993). Reconsideration is justified: (1) to address an intervening change in controlling law; (2) to consider new evidence not previously available; (3) to correct a clear or manifest error of law or to prevent manifest injustice. *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002). A motion for reconsideration serves the purpose of "allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989).

Plaintiff presents his Motion for Reconsideration herein to correct manifest errors of fact presented in this Court's Order granting Defendants' Motion for Reconsideration. Plaintiff was unable to clarify the facts discussed herein, prior to the Court's Order being issued. Had Plaintiff been given the opportunity to respond to Defendants' Motion within the allotted time frame to do so, the Court would have been notified of the factual inaccuracy of the allegation that Plaintiff's counsel and the deposition officer used for Plaintiff's depositions had an employer/employee relationship of any kind.

### B.  The Court's order is premised on a fact simply alluded to by Defendants which is factually inaccurate, thus the Court should reconsider its Order Granting Defendants' Motion for Reconsideration, and deny Defendants' Motion in its entirety.

Defendants' Motion alludes to the fact Plaintiff's counsel and the deposition officer who officiated over Plaintiff's depositions of Defendants' witnesses are in an employment relationship. This is inaccurate and factually untrue.  Defendants cite to the website "Linkedin" as a basis for this unsound assertion, despite the fact the profiles for both Plaintiff's counsel and the deposition officer clearly reflect (1) that neither individual works for "El Paso Rio Grande Legal Aid Clinic," (2) that both individuals are self-employed with other entities, and (3) that Mr. Martinez is in no way employed by Ms. Hanshew (Plaintiff's counsel).

Plaintiff's counsel's profile[7] clearly states she is employed with The Hanshew Law Firm, PLLC. She also serves as a part-time attorney for Texas RioGrande Legal Aid. This fact is irrelevant being that Plaintiff has been represented by The Hanshew Law Firm, PLLC (a private firm) since the inception of this litigation (the same is reflected in all filings presented to this Court since the removal of the present suit).

The LinkedIn Profile for deposition officer, Mr. Martinez, also establishes that Mr. Martinez is affiliated with various employment entities. He is an employee of Texas RioGrande Legal Aid, as well as, the Editor in Chief for C2 Magazine and a notary public.  Mr. Martinez served in his personal capacity as a deposition officer during the course of Plaintiff's depositions of Defendants' witnesses. Mr. Martinez was not paid by Texas RioGrande Legal Aid for this act, nor was he acting as an employee of TRLA when he officiated the depositions in question. Mr. Martinez was paid by The Hanshew Law Firm PLLC for his notary services.

Mr. Martinez in his private capacity was paid as a contractor by The Hanshew Law Firm, PLLC to officiate over the depositions in question (just as Defendants paid their stenographer as a contractor to be present at Plaintiff's deposition).  Mr. Martinez presented and announced

---

[7] (https://www.linkedin.com/pub/soraya-yanar-hanshew/0/91b/b21)

himself in each deposition of which he was an officiant in his private capacity, and announced the same at the inception of each deposition in question. Further, Mr. Martinez provided certifications accompanying copies of the depositions in question to Defendants, wherein he provides his personal information and there is no reference or affiliation to his employment with Texas RioGrande Legal Aid.  Additionally, TRLA is not an "attorney" in the present matter in any fashion, which makes the assertion that Ms. Hanshew somehow "employs" Mr. Martinez premised on both being employees of TRLA factually inaccurate and irrelevant. Since Ms. Hanshew does not own TRLA or pay Mr. Martinez's paycheck from his employment with TRLA, but rather receives part-time employment from the same employer, the fact Ms. Hanshew and Mr. Martinez are "colleagues" at TRLA cannot be used to evaluate propriety pursuant to Fed. R. Civ. P. 28(c). Ms. Hanshew via the Hanshew Law Firm, PLLC is Plaintiff's "attorney." Neither she nor her firm employs Mr. Martinez, thus the Court's Order is premised on a factual inaccuracy alluded to by Defendants.

Had Defendants not intended to present misleading information to this Court, they would have:  (1) named the entity in question correctly ("El Paso Legal Aid Clinic" does not exist, nor is it identified in either Linkedin Profile presented by Defendants); (2) they would have presented information actually relevant to a query under Fed. R. Civ. P. 28(c) regarding how in fact Ms. Hanshew and/or the Hanshew Law Firm, PLLC allegedly "employs" Mr. Martinez, being the Hanshew Law Firm, PLLC is the entity that actually represents Plaintiff; and (3) they would have provided proof of the same in order to lodge an actual disqualification of Mr. Martinez as deposition officer.  They did no such thing, since doing so would have constituted a misrepresentation to this Court.

Simply alluding to the possibility that Ms. Hanshew and Mr. Martinez are "colleagues," therein employees at an unrelated entity, does not satisfy to disqualify Mr. Martinez in any way. Proof of actual employment or relation must be established in order for a Court to disqualify a deposition officer pursuant to Fed. R. Civ .P. 28(c).   *Wang v. Georgia Highlands College*, 2013 WL 1180790, 2 (N.D.Ga.) (N.D.Ga.,2013) rejects a party's objection to a deposition notice on similar grounds for failure to provide proof of relation or employment:  "In any event, Plaintiff's objection to her deposition notice was meritless. In her objection, Plaintiff only made a conclusory assertion that Fed. R. Civ. P. 28(c) had been violated. (*See* Doc. 73). That rule states that '[a] deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action.' Fed. R. Civ. P. 28(c). Here, there is no indication that the court reporter was a relative, employee, or attorney of Defendants, was related to or employed by Defendants' attorney, or had a financial interest in this action. Thus, Fed.R.Civ.P. 28(c) does not apply."

The Court has premised its Order on incorrect factual claims alluded to by Defendant's footnote. The fact Ms. Hanshew and Mr. Martinez are employees of TRLA (an unrelated entity) does not suffice to disqualify Mr. Martinez as the deposition officer for Plaintiff's depositions of Defendants' witnesses. The Court cites Fed. R. Civ. P. 28(c) and *Morris v. Long*, 2012 WL 3276938, 14 (E.D.Cal.) (E.D.Cal.,2012) as a basis for disqualification. It is clear that Fed. R. Civ. P. 28(c) does not apply to the facts as they are presented properly herein. Likewise, *Morris v. Long* is an Eastern District of California case where Plaintiff's actual attorney took the deposition of a witness, and no officer was present to officiate the deposition at all. This case is factually unrelated to the present suit, wherein Mr. Martinez (a notary and qualified officer pursuant to Fed. R. Civ. P. 28) officiated over depositions of Defendants' witnesses. Ms.

9

Hanshew did not officiate the depositions in question; she had a duly qualified officer who is unrelated to her, not employed by her or her firm, and who has no financial interest in the underlying suit, officiate the depositions.  As such, there is no similarity between the present facts and *Morris v. Long*.

This Court premised its Order grating Defendant's Motion for Reconsideration entirely on the incorrect fact that Plaintiff employed the deposition officer, Mr. Martinez. This fact is erroneous; as such, this Court must reconsider its prior decision and deny Defendant's Motion, being it is premised on untrue, inaccurate factual representation.

### III.     CONCLUSION

For all the foregoing reasons, Plaintiff moves the Court to reconsider its Order Granting Defendants' Motion for Reconsideration, and herein DENY IN FULL Defendants' Motion for Reconsideration of the Court's Order Denying its Summary Judgment as Moot, in light of it being premised on inaccurate, untrue facts alluded to by Defendants.

Respectfully submitted,
The Hanshew Law Firm, PLLC
**Soraya Yanar Hanshew, Esq.**
632 Moondale Dr.
El Paso, Texas  79912
syhlaw@outlook.com
(915) 491-6181 Telephone
(915) 996-9907 Facsimile

SORAYA YANAR HANSHEW
State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been filed and

served via Electronic Filing Notification System on July 13th, 2015 on opposing counsel:

> Esteban S.M. Soto
> Assistant Attorney General
> Office of the Attorney General
> General Litigation Division – 019
> P.O. Bo 12548, Capital Station
> Austin, Texas 78711-2548
> (512) 475-4099
> Esteban.soto@texasattorneygeneral.gov

                             /s/ Soraya Yanar Hanshew
                           **SORAYA YANAR HANSHEW**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CARLOS D. ROBLES,** | § | |
| | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. EP-14-CV-321-FM** |
| **TEXAS TECH UNIVERSITY HEALTH** | § | |
| **SCIENCES CENTER a/k/a TEXAS** | § | |
| **TECH UNIVERSITY HEALTH** | § | |
| **SCIENCES CENTER OF EL PASO** | § | |
| **and BRADLEY P. FUHRMAN, M.D.,** | § | |
| **in his official capacity; and RICHARD** | § | |
| **LANGE, M.D., in his official capacity,** | § | |
| | § | |
| **Defendants.** | | |

## ORDER

On this day, upon consideration of Plaintiff's Opposed Motion for Reconsideration of the Court's Order Granting Defendants' Opposed Motion for Reconsideration; and the Court having considered any opposition thereto, it is hereby ORDERED that Plaintiff's motion is **GRANTED**, and Court's ORDER (Doc. 45) of July 1, 2015, is amended therein **DENYING** Defendants' Opposed Motion for Reconsideration of the Court's Order Denying Its Summary Judgment Motion as Moot, or in the Alternative, Motion to Amend the Scheduling Order and to Allow Defendants to Resubmit their Summary Judgment Motion (ECF Doc. 43). It is further ORDERED that the Court's original order (ECF No. 40) Denying as Moot Motions to Strike and Summary Judgment shall stand and no further summary judgment evidence will be considered by this Court.  SIGNED this the _____ day of _____, 2015.

_____
**HONORABLE FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**