IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CARLOS D. ROBLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-14-CV-00321-FM |
| | § | |
| TEXAS TECH UNIVERSITY HEALTH | § | |
| SCIENCES CENTER a/k/a TEXAS TECH | § | |
| UNIVERSITY HEALTH SCIENCES | § | |
| CENTER AT EL PASO; BRADLEY P. | § | |
| FUHRMAN, M.D., in his official capacity; | § | |
| and RICHARD LANGE, M.D., in his | § | |
| official capacity, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On this day the court considered "Plaintiff's Opposed Motion for Reconsideration of the Court's Order Gra[n]ting Defendants' Motion for Reconsideration" ("Plaintiff's Motion") [ECF No. 46], filed July 14, 2015 by Plaintiff Carlos D. Robles ("Plaintiff"). Although Defendants Texas Tech University Health Sciences Center a/k/a Texas Tech University Health Sciences Center at El Paso; Bradley P. Fuhrman, M.D., in his official capacity; and Richard Lange, M.D., in his official capacity (collectively, "Defendants") are entitled to file a response,[1] a response is not necessary to fully evaluate Plaintiff's Motion. After considering Plaintiff's Motion and applicable law, Plaintiff's Motion is **DENIED**.

Plaintiff's Motion centers on six contested depositions. As the court has previously discussed the facts underlying those depositions,[2] those facts are incorporated by reference into this Order.

## I. PLAINTIFF'S ARGUMENTS

Plaintiff seeks reconsideration of the First Reconsideration Order, as well as a full denial of

---

[1] *See* Local Rule CV-7(e)(1).

[2] "Order Denying as Moot Motions to Strike and for Summary Judgment," at 3–7, ECF No. 40, entered June 12, 2015; "Order Granting Defendants' Motion for Reconsideration" ("First Reconsideration Order"), at 1–2, ECF No. 45, entered July 1, 2015.

Defendants' underlying motion.[3]  Plaintiff asserts this relief is justified because Defendants "premised [their Motion] on inaccurate, untrue facts," and the First Reconsideration Order was based entirely on such facts.[4]  Specifically, Plaintiff contends the working relationship between his deposition officer, Marco Martinez ("Martinez"), and Plaintiff's counsel does not warrant disqualification under Federal Rule of Civil Procedure 28(c) ("Rule 28(c)").[5]

## II.  APPLICABLE LAW

Plaintiff does not state which Federal Rule of Civil Procedure enables him to file his Motion. Because Plaintiff's Motion was filed more than 10 days after the First Reconsideration Order was entered, it will be treated as a Rule 60(b) motion for relief from an order.[6]

Rule 60(b) enumerates six reasons for which a court may relieve a party from an order:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[7]

Plaintiff's Motion asserts the First Reconsideration Order contains errors of law.  Although Plaintiff contends Defendants misrepresented facts, thereby implicating Rule 60(b)(3), he does not

---

[3] *See* "Defendants' Opposed Motion for Reconsideration of the Court's Order Denying Its Summary Judgment Motion as Moot, or in the Alternative, Motion to Amend the Scheduling Order and to Allow Defendants to Resubmit Their Summary Judgment Motion" ("Defendants' Motion"), ECF No. 43, filed June 24, 2015.

[4] Pl.'s Mot. 10.

[5] *Id.* at 9.

[6] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).

[7] Fed. R. Civ. P. 60(b).

2

indicate how misrepresentations kept him from fully and fairly presenting his case.[8]  Accordingly,

Plaintiff's Motion is governed solely by Rule 60(b)(1).[9]  When asserting errors of law, Rule 60(b)(1)

motions are only proper "to rectify an obvious error of law, apparent on the record."[10]  This encompasses

situations where an order "obviously conflicts with a clear statutory mandate or when the judicial error

involves a fundamental misconception of the law."[11]

## III.   ANALYSIS

As an initial matter, neither Defendants nor the First Reconsideration Order relied on inaccurate

facts.  Although Plaintiff claims the First Reconsideration Order was based "on the incorrect fact

[asserted by Defendants] that Plaintiff['s counsel] employed . . . Martinez,"[12] this is not consistent with

the record.  In seeking relief, Defendants observed "Plaintiff's counsel and [Martinez] appear to be

*colleagues* at [Texas RioGrande Legal Aid]" and cited the LinkedIn profiles for the two persons.[13]  In

evaluating Defendants' assertion, the First Reconsideration Order accurately characterized Martinez as

"associated with Plaintiff's counsel at the El Paso office of Texas RioGrande Legal Aid."[14]  Furthermore,

---

[8] *See In re Isbell Records, Inc.*, 774 F.3d 859, 869 (5th Cir. 2014) ("A party making a Rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) *that this misconduct prevented the moving party from fully and fairly presenting his case*.") (emphasis in original) (internal quotation marks and citations omitted).

[9] *See Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (observing Rule 60(b)(1) "may be invoked for the correction of judicial error").

[10] *Id.* (footnote omitted).

[11] *Id.* (footnotes omitted).

[12] Pl.'s Mot. 10.

[13] Defs.' Mot. 8 n.4 (emphasis added).  Because Defendants' objection was made promptly, it was not waived.  *See* Fed. R. Civ. P. 32(d)(2) (stating objections based on disqualification of a deposition officer are waived if not made "before the deposition begins, or . . . promptly after the basis for disqualification becomes known or, with reasonable diligence, could have been known"); Defs.' Mot. 8 n.4 (averring the LinkedIn profiles were last visited seven days before Defendants filed their Motion).

[14] First Recons. Order 1–2.

Plaintiff has conceded his counsel and Martinez are both employees of that organization.[15]  Accordingly, both Defendants' Motion and the First Reconsideration Order accurately characterize Plaintiff's counsel and Martinez as having a co-worker relationship, rather than an employer–employee relationship, at Texas RioGrande Legal Aid.[16]

In granting Defendants' Motion, the First Reconsideration Order relied, in part, on Rule 28(c).[17] Rule 28(c) states:  "A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action."[18]  Plaintiff contends that, because Plaintiff's counsel is merely Martinez's co-worker at Texas RioGrande Legal Aid instead of a superior, Rule 28(c) does not disqualify Martinez.[19]  Plaintiff's argument is not persuasive.

Rule 28(c)'s text is, indeed, silent regarding co-workers of parties' counsel.  However, the Federal Rules' objective to "secure the just . . . determination of every action and proceeding"[20] would be jeopardized if Rule 28(c) were confined to its specific terms.  For example, even though Rule 28(c) does not mention whether a party's counsel's *employer* may preside over depositions, this would definitely

---

[15] *See* Pl.'s Mot. 4 ("Both [Plaintiff's counsel] and Mr. Martinez are employees of Texas RioGrande Legal Aid.").

[16] On the other hand, the LinkedIn profiles are consistent with an employer–employee relationship between the two persons.  Martinez's profile declares he is a "Disability Advocate" at Texas RioGrande Legal Aid.  In addition, the profile for Plaintiff's counsel states she is a "Managing Attorney" at the organization.  Although the profile states her specialty at Texas RioGrande Legal Aid is "Labor & Empl[oy]ment" rather than disability-related matters, her profile includes "litigat[ing] . . . employment cases involving . . . disability discrimination" among her responsibilities at the organization.  Although the LinkedIn profiles evince an employer–employee relationship between Plaintiff's counsel and Martinez, the court will assume they are no more than co-workers at Texas RioGrande Legal Aid, for purposes of this Order.

[17] First Recons. Order 1, 2 & n.3.

[18] Fed. R. Civ. P. 28(c).

[19] Pl.'s Mot. 9.

[20] Fed. R. Civ. P. 1.

4

impair the integrity of depositions.[21]  Similarly, having a party's counsel's co-worker preside over a deposition endangers the neutrality guarded by Rule 28(c).

Plaintiff attempts to resolve the Rule 28(c) issue by averring Texas RioGrande Legal Aid has no affiliation with the case, as indicated by Plaintiff's counsel representing The Hanshew Law Firm, PLLC, and Martinez presiding over the deposition solely in his personal capacity as a Texas notary public.[22] Regardless of Texas RioGrande Legal Aid's absence from this litigation, Plaintiff's counsel and Martinez are co-workers at the organization.  Accordingly, Martinez's status as Plaintiff's counsel's co-worker may disqualify him from presiding over the contested depositions pursuant to Rule 28(c).

Plaintiff's use of *Wang v. Georgia Highlands College*[23] for its rejection of a Rule 28(c) challenge is similarly unavailing.[24]  In *Wang*, the Northern District of Georgia rejected as conclusory a Rule 28 challenge which stated in its entirety:  "Please see federal rules of civil procedure rule 28(c)."[25]  In contrast to *Wang*, Defendants have pointed to LinkedIn profiles which evince a Rule 28(c) conflict.[26] Furthermore, Plaintiff has conceded his counsel and Martinez are co-workers at Texas RioGrande Legal

---

[21] In amending Rule 30 in 1993, the Advisory Committee noted a revision to Rule 30(b)(4) (since renumbered as Rule 30(b)(5)) "requires that all depositions be recorded by an officer designated or appointed under Rule 28 and contains special provisions designed to provide basic safeguards to assure the utility and integrity of recordings taken other than stenographically."  Fed. R. Civ. P. 30, advisory committee note.

[22] Pl.'s Mot. 7–8.

[23] No. 1:12-CV-1280-TWT-GGB, 2013 WL 1180790 (N.D. Ga. Feb. 11, 2013) (report & recommendation).

[24] *See* Pl.'s Mot. 9.

[25] *Wang*, 2013 WL 1180790, at *1.  The wording and capitalization of the challenge are reproduced from the original order.  The Northern District of Georgia also rejected the plaintiff's objections, which she raised under Rule 28(c), that a deposition was on short notice and the notice of the deposition did not disclose the identity of the court reporter.  *Id.* at *2.  In doing so, the court observed there was no evidence the plaintiff ever requested an extension or suggested an alternate date, and furthermore, there was no requirement for a party to identify a court reporter when noticing a deposition.  *Id.* (citing Fed. R. Civ. P. 30(b)(1)).

[26] Defs.' Mot. 8 n.4.

Aid.[27]   Therefore, *Wang* is not applicable.

There is some authority indicating a Rule 28(c) conflict may be disregarded for video depositions if there are no other deficiencies in the deposition process.[28]   As has been previously observed, however, there were numerous defects in the recording and transcription of the contested depositions, all of which are attributable to Plaintiff, Plaintiff's counsel, or Martinez.[29]   In light of the various flaws associated with the contested depositions, Martinez's disqualification pursuant to Rule 28(c), along with the consequent exclusion of the contested depositions, was undoubtedly proper.   Consequently, the First Reconsideration Order's use of Rule 28(c) was not erroneous, and relief pursuant to Rule 60(b)(1) is not justified.

## IV.   CONCLUSION

As the First Reconsideration Order contained no error warranting reconsideration, Plaintiff's Motion [ECF No. 46] is **DENIED.**

**SO ORDERED**.

**SIGNED** this **20th** day of **July, 2015**.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[27] Pl.'s Mot. 4.

[28] *See Ott v. Stipe Law Firm*, 169 F.R.D. 380, 381–82 (E.D. Okla. 1996) (excusing a Rule 28(c) issue "in the absence of any indication of irregularities in the [depositions'] video recording process" and noting the importance of the defendant not objecting to "any substantive deficiency in the recording of the deposition or any misconduct or improper technique utilized by counsel").

[29] *See, e.g.*, "Order Denying as Moot Motions to Strike and for Summary Judgment," at 5–7, ECF No. 40, entered June 12, 2015 (detailing a variety of errors in transcripts provided by Plaintiff and DVD video recordings provided by Defendants); Defs.' Mot., Ex. B, "Affidavit of Esteban Soto," at 1 ¶ 3, ECF No. 43-2 (certifying that the DVDs produced by Defendants are "true and correct copies" of the deposition recordings provided by Martinez).